IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:23-CV-1308-FL

| | | |
|---|---|---|
| TAMMY DALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MARTIN O'MALLEY, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings. (DE 14, 16). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Kimberly Swank issued a memorandum and recommendation ("M&R") (DE 17), wherein it is recommended that the court grant plaintiff's motion, deny defendant's motion, and reverse and remand the Commissioner's decision. Defendant timely objected to the M&R. In this posture, the issues raised are ripe for ruling. For following reasons, the court adopts the M&R, and reverses and remands the Commissioner's decision.

### BACKGROUND

On March 10, 2021, plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning May 31, 2020. The applications were denied initially and upon reconsideration. A telephone hearing was held on January 23, 2023, before an administrative law judge ("ALJ"), who determined that plaintiff was not disabled in a decision

dated February 16, 2023. After the appeals council denied plaintiff's request for review, plaintiff commenced the instant action on September 22, 2023, seeking judicial review of defendant's decision.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).[1] The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, which should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir.2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015), and an ALJ "must build an accurate and logical bridge from the evidence to his [or her] conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016).

---

[1]  Internal citations and quotation marks are omitted from all citations unless otherwise specified.

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for . . . disposition." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medial impairment meets or exceeds the severity of one of the [listed] impairments; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to defendant at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity during the period from the alleged onset date through the date last insured of May 31, 2020. At step two, the ALJ found that

3

plaintiff had the following severe impairments: severe impairments of left hip degenerative joint disease, status post total hip replacement; left knee degenerative joint disease, status post replacement; chronic back pain due to degenerative disc disease, facet osteoarthritis, and obesity. However, at step three, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the listed impairments in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform light work, with the following limitations:

> the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), with the following provisions: occasional pushing and pulling with the left lower extremity due to hip and knee surgery; frequent climbing of ramps; occasional climbing of stairs; no climbing of ladders, ropes, or scaffolds; frequent balancing and stooping; occasional kneeling, crouching, and crawling; avoid concentrated exposure to workplace hazards and to extreme heat, as those terms are defined by the Selected Characteristics of Occupations (SCO).

(Tr. (DE 9) 15).

In making this evaluation, the ALJ stated that she considered plaintiff's symptoms and the evidence based on the requirements of 20 C.F.R. § 404.1529 and SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017), and found plaintiff's statements concerning the intensity, persistence, and limiting effects of plaintiff's symptoms "not entirely consistent with the medical evidence and other evidence in the record." (Tr. 16).

At step four, the ALJ concluded plaintiff was unable to perform any past relevant work, but at step five that jobs existed in significant numbers in the national economy that plaintiff could have performed. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act, from May 31, 2020, through the date of the decision.

B.  Analysis

In his objections, defendant argues that the M&R erred in determining that the ALJ did not conduct a function-to-function analysis, for four reasons. The magistrate judge addressed this issue correctly. Having reviewed the entire record de novo, the court agrees with the findings and analysis set forth in the M&R, and, therefore, adopts the M&R in full. See 28 U.S.C. § 636(b)(1). The court writes separately to address the arguments raised in defendant's objections.

First, defendant argues that the ALJ conducted an adequate function-to-function analysis by effectively incorporating by reference such analysis performed in underlying medical reports. This practice generally is permissible. See Wilson v. Kijakazi, No. 0:20-2074, 2021 WL 6841647, at *9 (D.S.C. July 22, 2021) (collecting cases). But here, the underlying medical reports do not themselves conduct a function-to-function analysis either; they, like the ALJ's decision, merely list, albeit in great detail, plaintiff's medical information and symptoms then announce a conclusion. (See Tr. 23, 51–59, 62–70, 357–95, 431–59, 467–560). Thus, the ALJ's RFC analysis contained both evidence and a conclusion, but lacked the required logical explanation to bridge the two. See Thomas v. Berryhill, 916 F.3d 307, 312 (4th Cir. 2019). This defect, even alone, is grounds for remand as the magistrate judge concluded.

Defendant's other three objections are that 2) plaintiff identified no evidence the ALJ failed to consider, 3) the ALJ did not improperly make an RFC finding before performing a function-by-function analysis, and 4) the ALJ's analysis contains no terminology the court cannot decipher. (See Objs. (DE 18) 5). But none of these objections is relevant; the M&R did not recommend remand due to a determination about these issues. These arguments are an attempt to bolster the ALJ's analysis on grounds that are not challenged or disputed, and which are therefore not relevant to the M&R's recommendation.

5

Case 7:23-cv-01308-FL   Document 20   Filed 08/12/24   Page 5 of 6

In sum, the ALJ erred in not providing a logical explanation between evidence and conclusion as part of the RFC analysis, which is grounds for remand over defendant's objection.

**CONCLUSION**

Based on the foregoing, the court ADOPTS the M&R (DE 17). This action is REMANDED to defendant pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order. The clerk is DIRECTED to close this case.

SO ORDERED, this the 12th day of August, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge